**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oluronke Briana Adusei, | No. CV-25-01722-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Colleen Auer, et al., | |
| Defendants. | |

The Court now considers (1) Defendant Colleen Auer's Motion to Dismiss and Motion to Strike Plaintiff Oluronke Briana Adusei's Second Amended Complaint ("SAC") (Doc. 111), (2) Defendant Arizona College's Motion to Dismiss and Motion to Strike Plaintiff's SAC (Doc. 118), (3) Defendant Bonnett Fairbourn Friedman & Balint, P.C.'s ("BFFB") Motion to Strike Certain Counts from Plaintiff's SAC (Doc. 107), (4) Plaintiff's Motion to Compel Scheduling Conference and Open Discovery (Doc. 98), (5) Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 110), and (6) Plaintiff's Motion for Entry of Default as to Arizona College (Doc. 116).

The Court **grants** Defendant Colleen Auer's Motion (Doc. 111) and Arizona College's Motion (Doc. 188). Because the Court previously dismissed or struck all claims from the SAC, the Court **denies** as moot BFFB's Motion (Doc 107), Plaintiff's Motion to Compel (Doc. 98), Plaintiff's Motion for Preliminary Injunction (Doc. 110), and Plaintiff's Motion for Entry of Default (Doc. 116).

## I.    BACKGROUND

This case arises from Plaintiff's dismissal from Arizona College's nursing program in 2018.  (Doc. 103 at 3 ¶ 11.)  Plaintiff retained Auer (who BFFP employed at the time) as counsel to pursue legal action against Arizona College regarding Plaintiff's dismissal.  (*Id.* at 3 ¶ 12, 5 ¶ 21.)  Plaintiff and Arizona College agreed to a settlement where "Arizona College agreed to refund educational-related payments to Plaintiff."  (*Id.* at 3 ¶ 13.)  Arizona College and BFFB each filed a Form 1099 with the IRS to report the settlement payment.  (*Id.* at 9 ¶ 42.)  Plaintiff took issue with the allegedly duplicative filing and misclassification of the settlement funds and levied a number of claims against Auer, BFFB, and Arizona College.  (*Id.*)

In its January 20, 2026 order ("January Order"), the Court granted both Arizona College and BFFB's motions to dismiss.  (Doc. 102 at 1.)  The Court dismissed six of Plaintiff's claims with prejudice and dismissed Plaintiff's Legal Malpractice and Breach of Fiduciary Duty claim without prejudice.  The Court granted Plaintiff leave to amend **only** her Legal Malpractice and Breach of Fiduciary Duty claim.  The very next day Plaintiff filed her SAC alleging a total of eleven claims against Defendants.  (Doc. 103.)  BFFB filed a motion to strike nine of the claims, and Arizona College and Auer each filed a motion to dismiss and a motion to strike.  (Doc. 107, 111, 118.)

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See Ritchie*, 342 F.3d at 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

III.    DISCUSSION

The Court first addresses the impermissible amendments and then turns to the claims the Court granted Plaintiff leave to amend in the January Order.

**A. Amendments Beyond the Scope of the Court's Order**

The Court only granted Plaintiff leave to amend her legal malpractice and breach of fiduciary duty claims. Plaintiff chose to instead amend her complaint beyond the scope allowed by the Court. For example, Plaintiff's SAC again alleges a 42 U.S.C. § 1981

- 3 -

claim, even though the Court dismissed it with prejudice.  The Court will not entertain that claim again.

Next, Plaintiff added eight new claims: negligent misrepresentation; declaratory and injunctive relief; IRS harm, hardship, and continuing injury; breach of contract; breach of implied covenant of good faith and fair dealing; fraudulent concealment; fraud and intentional misrepresentation; and civil conspiracy.  These additional claims are not permitted because the Court only granted Plaintiff leave to amend her legal malpractice and breach of fiduciary duty claims.  *See Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015) (striking new claims that "exceed[ed] the scope of leave to amend granted by the court").

The Court therefore strikes Counts I, II, III, IV, VII, VIII, IX, X and XI from Plaintiff's SAC.

### B. Counts V and VI: Legal Malpractice/Professional Negligence and Breach of Fiduciary Duty

Now the Court turns to Plaintiff's only remaining claims.  Plaintiff asserts claims of legal malpractice and breach of fiduciary duty against Defendants Auer and BFFB.  (Doc. 103 at 15-16.)  In the January Order, the Court determined that Plaintiff did not plausibly allege that it was improper for Arizona College and BFFB to file 1099s.  (Doc. 102 at 8.)  The Court then dismissed Plaintiff's legal malpractice and breach of fiduciary duty claims because she premised them on the filing of the 1099s.  The Court granted Plaintiff leave to amend her legal malpractice and breach of fiduciary duty claims so she could address these deficiencies.  (*Id.*)

However, despite the Court's directive, the SAC still predicates the legal malpractice and breach of fiduciary duties claims on the filing of the 1099s.  Plaintiff claims that Defendants BFFB and Auer failed to properly advise Plaintiff about "the risks associated with the misclassification of settlement amounts . . . and the harm associated with both defendants working together in double reporting of two 1099" forms.  (Doc. 103 at 15 ¶ 79.)  Plaintiff further alleges that "Defendants failed to take reasonable corrective

action to address the misclassification and duplicative reporting of Plaintiff's settlement funds through the issuance of two Forms 1099." (*Id.* at 16 ¶ 81.) The SAC does not provide a basis for Plaintiff's legal malpractice and breach of fiduciary duty claims unrelated to the 1099 forms. Thus, the Court will **dismiss** Count V and VI with prejudice.

**IV.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED granting** Auer's Motion to Dismiss and Motion to Strike Plaintiff's SAC (Doc. 111).

**IT IS FURTHER ORDERED granting** Arizona College's Motion to Dismiss and Motion to Strike Plaintiff's SAC (Doc. 118).

**IT IS FURTHER ORDERED dismissing** with prejudice Counts V and VI and **striking** Counts I, II, III, IV, VII, VIII, IX, X and XI of Plaintiff's SAC.

**IT IS FURTHER ORDERED denying** as moot: BFFB's Motion to Strike Certain Counts from Plaintiff's SAC (Doc. 107); Plaintiff's Motion to Compel Scheduling Conference and Open Discovery (Doc. 98); Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 110); and Plaintiff's Motion for Entry of Default as to Arizona College (Doc. 116).

**IT IS FURTHER ORDERED** that the Clerk of Court enter final judgment in favor of Defendants and close this case.

Dated this 2nd day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 5 -